**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brandon McCLURE, a.k.a. Mickey Mouse, Defendant–Appellant.**

**No. 10–10021**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 17, 2010.

John Andrew Horn, Angela Marie Jordan, Sally Yates, Assistant U.S. Attorney, Office of U.S. Attorney, Atlanta, GA, for Plaintiff-Appellee.

R. Gary Spencer, Office of R. Gary Spencer, P.C., Atlanta, GA, for Defendant–Appellant.

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Brandon McClure appeals his 125–month sentence following his guilty plea for conspiring to steal firearms from a federal licensee and to receive stolen firearms, in violation of 18 U.S.C. § 371; stealing firearms from a federal licensee, in violation of 18 U.S.C. § 922(u); and receiving stolen firearms, in violation of 18 U.S.C. § 922(j). McClure's conviction was based on his participation in the burglary of a federally-licenced firearms dealer, during which he and his 13 codefendants stole over 80 firearms.

On appeal, McClure argues that the district court improperly calculated his sentencing guidelines range by increasing his base offense level for possessing a firearm in connection with another felony offense, under U.S.S.G. § 2K2.1(b)(6). McClure also argues that the application the § 2K2.1(b)(6) sentencing enhancement constituted impermissible double counting because the district court also increased his base offense level for possessing a stolen firearm, under U.S.S.G. § 2K2.1(b)(4)(A). After careful review, we affirm.[1]

Section 2K2.1(b)(6) provides for a four-level increase in a defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ...." § 2K2.1(b)(6). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense...." *Id.* at cmt. n. 14(A). For the purposes of this enhancement, "another felony offense" is defined as "any Federal, state, or local offense, other than the ... firearms possession or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at cmt. n. 14(C).

Although McClure argues that the § 2K2.1(b)(6) enhancement was not applicable to him, the guidelines commentary states that it applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary...." *Id.* at cmt. n. 14(B). McClure does not dispute that the facts he admitted at his plea colloquy were sufficient to show that he took the firearms during the course of a burglary. Rather, he contends that comment 14(B) does not apply in a case such as this, where the object of the burglary was to steal firearms. However, the commentary makes no distinction between circumstances where a burglary was committed in order to steal firearms, and those where a defendant found and took a firearm while committing a burglary for some other reason. Comment 14(B) states that the enhancement is warranted "because the presence of the firearm has the potential of facilitat-

---

1. McClure also argues, for the first time on appeal, that the application of the § 2K2.1(b)(4)(A) sentencing enhancement constituted impermissible double counting because the district court also increased his base offense level due to the number of firearms involved in his offenses, under U.S.S.G. § 2K2.1(b)(1)(C). He contends that applying both enhancements constituted impermissible double counting.

Because these sentencing enhancements deal with conceptually separate notions relating to sentencing—possession of a *stolen* firearm and the *number* of firearms involved, respectively—the district court did not plainly err by applying both in calculating McClure's sentencing guidelines range.

ing another felony offense[,]" which is true whether the theft of the firearm was merely incidental to the burglary or was its object. *Id.* at cmt. n. 14(B). Therefore, the application of the § 2K2.1(b)(6) enhancement was not erroneous.

█ McClure also argues that the application the § 2K2.1(b)(6) sentencing enhancement constituted impermissible double counting because it addressed the same kind of harm that was fully accounted for by the § 2K2.1(b)(4)(A) sentencing enhancement he received for possessing stolen firearms. However, the kind of harm accounted for under § 2K2.1(b)(6), possession of a firearm during a burglary, is conceptually distinct from the notion that a defendant should be punished more severely for possessing a firearm that was stolen. Because the § 2K2.1(b)(4)(A) sentencing enhancement did not fully account for the kind of harm addressed by § 2K2.1(b)(6), the district court did not err in applying both enhancements in calculating McClure's sentencing guidelines range.

**AFFIRMED.**